**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

|  |  |
|---|---|
| ELVIN G. AMADOR ARAUZ,<br><br>             Petitioner,<br><br>        v.<br><br>ACTING WARDEN FACILITY ADMINISTRATOR OF THE ADELANTO DETENTION FACILITY, et al.,<br><br>             Respondents. | Case No. 5:26-cv-02080-ACCV<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on April 23, 2026. (Dkt. No. 1.)  That same day, Petitioner consented to have a Magistrate Judge conduct all further proceedings in the case. (Dkt. No. 3.)  On May 1, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time." (Dkt. No. 8 at 2.)  Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested.  For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of Nicaragua.  (Dkt. No. 1 at 3.)  Petitioner entered without inspection near Hildago, Texas on or about May 7, 2022.  (*Id*.)  Petitioner was not in

possession of a visa or other document allowing for his lawful admission.  (*Id*.) Respondents exercised their discretion and did not place Petitioner in expedited removal proceedings under 8 U.S.C. § 1225(b); Respondents paroled Petitioner under 8 U.S.C. § 212(d)(5).  (*Id*.)  Respondents released Petitioner on an order of recognizance with a condition that he enroll in ICE's Intensive Supervision Appearance Program. (*Id*. at 6.)

On January 6, 2026, Respondents issued a Notice to Appear and placed Petitioner in removal proceedings.  (Dkt. No. 1 at 7.)  While in removal proceedings, Petition applied for asylum and received a work permit.  (*Id*.)

On April 26, 2026, Respondents re-detained Petitioner.  (Dkt. No. 7 at 7.) Petitioner was in valid parole status.  (*Id*.)  Respondents detained Petitioner without written notice of violation or revocation of his parole and order of supervision.  (*Id*.) Petitioner was not allowed to post bond or given a pre or post-deprivation hearing. (*Id*.)  Respondents assert Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) & (2).

The Petition states Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California.  (Dkt. No. 1 at 5.)  Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights. (*Id*. at 17-20.)  Petitioner seeks relief, *inter alia*, in the form of Petitioner's immediate release or an order directing Respondents to provide Petitioner with a bond hearing.  (*Id*. at 21.)

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that his continued detention violates the Due Process Clause of the Fifth Amendment and an order that he be released immediately.  (Dkt. No. 1 at 18-19.)  As this Court (and others) have already ruled,

2

individuals conditionally released from custody, such as noncitizens released on parole during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards. *See Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026). Given Respondents' non-opposition (see C.D. Cal. L.R. 7-12), Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. (*See id.*)

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing. Respondents shall return any confiscated property and documents to Petitioner upon his release. Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: May 13, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

3